1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUC N. HARRIS, | Case No. 14-cv-852 BAS (DHB) |
| Plaintiff, | **ORDER GRANTING LEAVE TO AMEND AND REMANDING MATTER TO STATE COURT (ECF 4)** |
| v. | |
| MICHELLE KALINA DIAS, et al., | |
| Defendants. | |

## Background

Plaintiff Truc N. Harris commenced an action to recover disability benefits, and other related claims, in the San Diego County Superior Court on April 10, 2013.  ECF 1-15, 3–24 ("Complaint").  Initially, Harris sued Defendant Standard Insurance Company of Portland, Oregon ("Standard"), Michelle Kalina Dias ("Dias"), Professional Disability Insurance Services, Inc. ("Professional"), and ten fictional defendants.  Standard is an Oregon corporation, Dias and Professional are California citizens.  *Id.* at ¶¶ 1–4.

Harris settled her claims with Dias and Professional on March 6, 2014.

Notice of Removal, Ex. A, 992–999.  Dias agreed to pay Harris $350,000, and in exchange she agreed to dismiss Dias and Professional with prejudice.  *Id.* at 3.1–3.2.  Dias and Professional were dismissed on April 8, 2014 (*id.* at 1031), creating diversity, and Standard filed for removal on April 9, 2014 (ECF 1).

Harris initially sued Standard and Dias to recover the full benefits of her disability insurance under both her primary and secondary policies.  Compl.  In March 2011, Harris attempted to increase her existing disability policy with Standard to reflect her increased income.  *Id.* at ¶ 20.  Dias inserted, without her approval or consent, inaccurate income information.  *Id.* at ¶ 46.  Therefore when Harris allegedly became disabled, she was presented with a "Hobson's choice" of either reforming the contract to a lower benefit or receiving no benefits whatsoever.  *Id.* at ¶ 42.  Accordingly, Harris sued Standard and Doe defendants for breaches of contract and good faith and fair dealing (*Id.* at ¶¶ 53–70) and Does, Dias, and Standard for negligence (*Id.* at ¶¶ 71–78).  Harris also sued for declaratory relief against all defendants.  *Id.* at ¶¶ 79–82.  In her prayer for relief, she prayed for attorneys' fees and costs of suit.  ECF 1-15, 26.

Harris now seeks to amend her complaint to join Disability Insurance Services, Inc. ("DIS").  Prop. Second Am. Compl. ¶ 3.  Harris avers that DIS' alleged agents Bottem and Steenersen conspired with Dias to conceal information from Standard and to evade responsibility for their misconduct.  *Id.* at ¶¶ 100–101.  Accordingly, she claims a cause of action for professional negligence against DIS.  *Id.* at ¶¶ 93–108.

Harris' counsel, Robert J. McKennon, learned of DIS' involvement during discovery in state court, during October 2013.  ECF 4-3, McKennon Decl. ¶ 4.  Based on the facts revealed in discovery, McKennon believed DIS actively conspired to misrepresent Harris' financial information to maximize their commission.  *Id.* at ¶ 6.  To facilitate settlement, McKennon chose not to join DIS immediately.  *Id.* at ¶ 7.  At the case management conference on March 21, 2014,

1    Harris' counsel stated DIS "may be added" as a defendant.  James Decl. ¶ 5.  On

2    April 8, 2014, Harris settled with Dias and dismissed Dias and Professional from

3    the litigation.  McKennon believed he was still engaged in settlement negotiations

4    with Standard until Standard removed the action to federal court on April 9, 2014.

5    McKennon Decl. ¶ 9.

6         After Harris filed her motion for leave to amend to join DIS, Standard

7    informed Harris it would pay the full benefits under the policy.  ECF 13-1, Xu

8    Decl. ¶ 13.

9
                              **LEGAL STANDARD**
10

11        28 U.S.C. § 1447(e) states, "If after removal the plaintiff seeks to join

12   additional defendants whose joinder would destroy subject matter jurisdiction, the

13   court may deny joinder, or permit joinder and remand the action to the State

14   court." "Congress added subsection (e) to § 1447 with the purpose of taking

15   advantage of the opportunity opened by removal from a state court to permit

16   remand if a plaintiff seeks to join a diversity-destroying defendant after removal."

17   *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C. V.,* 125

18   F.Supp.2d 1008, 1011 (N.D.Cal.2000) (citing H.R.Rep. No. 100–889, at 72–73).

19   Permitting joinder under § 1447(e) is in the discretion of the Court. *Newcombe v.*

20   *Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir.1998); *IBC,* 125 F.Supp.2d at 1011;

21   *Clinco v. Roberts,* 41 F.Supp.2d 1080, 1082 (C.D.Cal.1999). Generally, however,

22   when weighing whether to permit joinder, a court should consider (1) whether the

23   party plaintiff seeks to join is required for just adjudication and would be joined

24   under Fed.R.Civ.P. 19(a); (2) whether the statute of limitations would bar an action

25   against defendant in state court; (3) whether the joinder is untimely, or there has

26   been an unexplained delay in its request; (4) whether joinder is intended solely to

27   destroy diversity jurisdiction, (5) whether the claims against the new defendants

28   appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *IBC,*

125 F.Supp.2d at 1011 (citing *Palestini,* 193 F.R.D. 654, 658 (S.D.Cal.2000)). Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder.

## DISCUSSION

Standard contends that DIS should not be joined because it is not a necessary party under Federal Rule of Civil Procedure 19(a). Rule 19(a) requires joinder of persons whose absence would prevent complete relief, impede their ability to defend themselves or their interests, or subject a party to the risk of inconsistent obligations. Fed.R.Civ.P. 19(a); *IBC,* 125 F.Supp.2d at 1011. These parties are deemed necessary. "This standard is met when failure to join will lead to separate and redundant actions [in different forums]." *IBC,* 125 F.Supp.2d at 1012 (citing *CP Nat'l Corp. v. Bonneville Power Admin.,* 928 F.2d 905, 912 (9th Cir. 1991)). "Although courts consider whether a party would meet Fed. R. Civ. Proc. 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19." *IBC,* 125 F.Supp.2d at 1011–12. Courts may permit joinder where the proposed defendant has "more than a tangential relationship to the cause of action." *IBC*, 125 F.Supp.2d at 1012.

Here, DIS allegedly conspired with Dias to transmit inaccurate income information and then covered up the error to retain a larger commission. This directly relates to the alleged negligence of Standard, and it is more than a tangential relationship to the already-alleged negligence action. Although the statute of limitations has not run on any claims against DIS, common issues of fact predominate to such an extent that any litigation against DIS would be redundant. Standard has not sufficiently shown how it will be prejudiced if amendment is granted, and therefore on balance the prejudice to Harris in forcing her to possibly conduct redundant litigation in state court outweighs any prejudice to Standard. Additionally, Harris' demonstrated interest in joining DIS prior to removal satisfies

1    the Court that amendment is not solely to destroy diversity.

2          Therefore the Court in its discretion finds the factors decisively in favor of

3    amendment.    Accordingly, the Court **GRANTS** Harris leave to amend the

4    complaint to join DIS.

5
                                    **CONCLUSION**
6

7          For the reasons set forth above, the Court **GRANTS** Plaintiff's request for

8    leave to amend her complaint.

9          **IT IS FURTHER ORDERED** that the action be **REMANDED** to the

10   Superior Court of California, County of San Diego.

11
           **IT IS SO ORDERED.**
12

13
     **DATED:  August 14, 2014**
14                                                          Hon. Cynthia Bashant
15                                                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28